UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KIMBERLY GREEN and JASON GREEN, individuals,

    Plaintiffs,

    v.

OMNI INSURANCE COMPANY, dba The Hartford's Omni Auto Plan, a corporation, and DOES 1 through 50, inclusive,

    Defendant.

2:05-CV-1354-MCE-KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

On April 29, 2005, Kimberly Green and Jason Green ("Plaintiffs") filed a Complaint in Sacramento County Superior Court against Omni Insurance Company, dba The Hartford's Omni Auto Plan ("Omni"), and Does 1 through 50. Plaintiffs alleged conversion of personal property; breach of insurance contract-failure to pay and perform, breach of covenants of good faith and fair dealing; intentional infliction of emotional distress; and negligent infliction of emotional distress.

///

1

Presently before the Court is Plaintiffs' concurrent Motion for Leave to Amend the Complaint to add a non-diverse party, and if successful, Motion to Remand.[1] For the reasons stated below, Plaintiffs' Motion to Amend is granted. Plaintiffs' Motion to Remand is also granted.

## BACKGROUND

On or around July 19, 2004, Plaintiffs filed a vehicle damage claim with Omni. Shortly thereafter, Omni took possession of Plaintiffs' vehicle for inspection. On October 19, 2004, Omni informed Plaintiffs their damage claim was denied. Rather than returning Plaintiffs' vehicle, however, Omni surrendered the vehicle to CoParts, Inc. ("CoParts"), a California based vehicle storage company. Thereafter, CoParts sold Plaintiffs' vehicle to a Mexican dismantling company.

Omni alleges that CoParts properly billed Plaintiffs for vehicle storage and properly filed a lien-sale notice before disposing of the vehicle. Plaintiffs dispute that allegation and instead claim that CoParts fraudulently billed them for storage costs and sold the vehicle without providing proper notice.

After an unsuccessful attempt to ascertain their claim status or the whereabouts of their vehicle, Plaintiffs retained counsel and filed the instant action.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1  Omni, an Illinois corporate citizen having its principal place of
2  business in Georgia, responded to the Complaint by filing a
3  Notice of Removal asserting diversity of citizenship as its basis
4  for federal jurisdiction.  *See* 28 U.S.C. §§ 1441, 1332.
5       Plaintiffs now move to amend their Complaint to add CoParts,
6  a non-diverse defendant, as Doe 1 to the Complaint.  Plaintiffs
7  also wish to add new causes of action against Omni and CoParts.
8  Plaintiffs' proposed Amended Complaint alleges the following
9  against Omni and CoParts: conspiracy to convert Plaintiffs'
10 personal property; conspiracy to engage in deceptive business
11 practices in violation of California Business and Professions
12 Code § 17200; intentional infliction of emotional distress; and,
13 negligent infliction of emotional distress.  Plaintiffs further
14 seek injunctive relief against both Omni and CoParts pursuant to
15 California Business and Professions Code § 17200.  Plaintiffs
16 further claim against Omni alone breach of insurance contract-
17 failure to pay and perform and breach of covenants of good faith
18 and fair dealing.  Lastly, Plaintiffs request an order against
19 CoParts for disgorgement of profits received in violation of
20 California Business and Professions Code §§ 17200 and 17204.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**STANDARD**

**I.  Leave to Amend Complaint**

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.  28 U.S.C. § 1447(e). "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." *IBC Aviation Servs. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D.Cal. 2000) (citation omitted).

In determining whether to grant a plaintiff leave to amend to add a non-diverse party to the complaint, courts should look to the following factors: (1) whether the party sought to be joined is needed for a just adjudication and would be joined under FRCP 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting the leave to amend; (4) whether the addition of the non-diverse party is only to defeat federal jurisdiction; (5) whether the claims against the non-diverse party are valid; and (6) whether denial would prejudice the plaintiff.  *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016. 1020 (C.D.Cal. 2002); *see also IBC Aviation*, 125 F.Supp.2d at 1011.

///
///

**II.  Motion to Remand**

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties, or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty.  28 U.S.C. §§ 1331 and 1332.

The removing party bears the burden of establishing federal jurisdiction.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  Furthermore, courts construe the removal statute strictly against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  If there is any doubt as to the right of removal in the first instance, remand must be granted.  *Id.* at 566.  Therefore, if it appears before final judgment that a district court lacks subject matter jurisdiction, the case shall be remanded to state court.  28 U.S.C. § 1447(c).

When a district court's jurisdiction is based solely on diversity, and that court, in exercising its discretion under 28 U.S.C. § 1447(e), grants amendment to join a non-diverse party the court must remand the action to the state court.  *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993).

///
///
///
///

**ANALYSIS**

**A.   Motion for Leave to Amend Complaint**

In moving for leave to amend, Plaintiffs argue that CoParts is more than tangentially related to the operative facts and forcing Plaintiffs to bring a separate action against CoParts will prejudice Plaintiffs and waste judicial resources. Defendant rebuts that amendment is improper because CoParts is not a necessary party and Plaintiffs' true motive for amendment is to destroy jurisdiction.

As noted above, in determining whether to grant Plaintiffs' Motion, the Court must consider the following: (1) necessity of joinder under FRCP 19(a); (2) any statute of limitations problems; (3) unexplained delay; (4) motive; (5) merit of claims against the non-diverse party; and (6) prejudice. *See Boon*, 229 F.Supp.2d at 1020; *IBC Aviation*, 125 F.Supp.2d at 1011. Each is considered in turn below.

**1.   Necessary Party**

Although courts consider whether a party would meet Fed. R. Civ. P. 19's necessary-party standard, amendment under section 1447(e) is a less restrictive standard than joinder under Fed. R. Civ. P. 19. *IBC Aviation*, 125 F.Supp.2d at 1011-12.

///
///
///

Generally, courts that have approved discretionary joinder look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action. *Boon*, 229 F.Supp.2d at 1022. However, courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action. *IBC Aviation*, 125 F.Supp.2d at 1012.

Here, Plaintiffs allege, *inter alia*, that Omni and CoParts conspired to convert Plaintiffs' personal property and engaged in deceptive business practices. As an initial matter, Omni concedes that CoParts accepted and stored Plaintiffs' vehicle for an approximate three month period. It is further undisputed that CoParts sold Plaintiffs' vehicle to a third party dismantling company. Plaintiffs aver that the foregoing actions were taken without their knowledge or consent and in furtherance of an illegal conspiracy between Omni and CoParts. On the contrary, Omni contends there was no conspiracy and that CoParts strictly adhered to California's lien-sale requirements prior to selling Plaintiffs' vehicle.

While resolution of the foregoing dispute will be necessary to adjudicate the merits of Plaintiffs' claims, such resolution is not necessary to dispose of the present Motions before this Court. CoParts' undisputed involvement in the storage and sale of Plaintiffs' vehicle is far beyond merely tangential and is more than sufficient to meet the less restrictive joinder standard of 28 U.S.C. § 1447(e). Accordingly, the Court finds this factor in favor of granting Plaintiffs' Motion to Amend.
///

### 2. Statute of Limitations

This factor considers first whether Plaintiffs would be subject to a statutory bar in seeking redress in an alternative proceeding.
In addition, however, this factor considers whether forcing Plaintiffs to pursue CoParts in a separate proceeding would be a waste of judicial resources and would risk inconsistent results. *IBC Aviation*, 125 F.Supp.2d at 1012 ("[E]ven though a state court action against [an individual defendant] might be possible, requiring IBC to litigate essentially the same issues in two forums would be a waste of judicial resources and risk inconsistent results").

Here, Plaintiffs concede that they would not face a statutory bar were they forced to seek resolution of their claims against CoParts in a separate proceeding. Nonetheless, the Court finds that requiring them to do so would be a waste of judicial resources as their claims against both CoParts and Omni involve the same operative facts. Additionally, Plaintiffs' conspiracy allegations will require analysis of both Omni and CoParts' joint conduct. Requiring Plaintiffs to seek redress against Omni and CoParts in separate proceedings could result in inconsistent outcomes. Consequently, this factor favors granting Plaintiffs' Motion.

///
///
///
///

8

### 3. Unexplained Delay

The third factor requires the Court to consider the Plaintiffs' timeliness in filing the Motion to Amend. *See Clinico v. Roberts*, 41 F.Supp.2d 1080, 1083 (C.D.Cal. 1999). In *Clinico*, the court found that a six week delay in seeking to add a non-diverse defendant was timely. *Id.* at 1083. Similarly, in *Boon*, the Court found that "Plaintiffs' [sic] did not unreasonably delay in filing their First Amended Complaint where it was filed less than three months after they filed their original complaint in Superior Court, and less than a month after removal." 229 F.Supp.2d at 1023. Conversely, the 9th Circuit concluded that six months post removal is too late for a plaintiff to move to amend the complaint to add new parties. *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983).

In the case at bar, it is clear that Plaintiffs did not seek leave to amend until nearly ten months after removal. Plaintiffs contend that their delay was due to Omni's attempts to impede their good faith investigation. Omni correctly notes, however, that Plaintiff knew of CoParts involvement as early as one month after removal. While the Court appreciates the need to thoroughly investigate the facts underlying the Complaint, a ten month delay is untimely and militates in favor of denying Plaintiffs' Motion.

///
///
///

### 4.  **Motive of Plaintiff**

This factor requires the Court to determine whether Plaintiffs' request for leave to amend is improperly motivated. Defendant asks the Court to impute an improper motive to Plaintiffs' request to add CoParts simply on the basis that CoParts is a non-diverse party. In fact, there is no evidence before the Court compelling such a finding. The mere fact of seeking to join a non-diverse defendant without more is insufficient to establish an improper motive. *IBC Aviation*, 125 F.Supp.2d at 1012. Accordingly, this factor favors granting Plaintiffs' Motion.

### 5.  **Validity of claims against non-diverse party**

This factor examines whether Plaintiffs' claims against the non-diverse party appear meritorious. *Id*. While the facts are heavily disputed, it is clear that Plaintiffs released possession of their vehicle to Omni for inspection. Despite rejecting Plaintiffs' claim, Omni nonetheless surrendered possession of Plaintiffs' vehicle to CoParts as opposed to returning their vehicle to them. CoParts then sold Plaintiffs' vehicle. It is undisputed that both Omni and CoParts participated in the series of events giving rise to this action. The allegations against CoParts together with their level of participation in the facts surrounding Plaintiffs' claims is sufficient to tip this factor in favor of granting Plaintiffs' Motion.
///

### 6. Prejudice against the Plaintiffs

Finally, the Court must consider whether Plaintiffs will be prejudiced should their motion be denied. In deciding the issue, the Court may consider the extent to which duplicate litigation will result from denial of the Motion. Here, the operative facts against each defendant are largely the same and certainly related. Denying Plaintiffs' Motion will force Plaintiffs to bring a second action against CoParts alleging virtually the identical facts and claims presented in the present action. The Court finds that forcing Plaintiffs to seek redress in another proceeding will unnecessarily duplicate litigation. Accordingly, this factor favors granting Plaintiffs' Motion.

In sum, CoParts is inextricably intertwined with Omni and the facts giving rise to Plaintiffs' claims. Further, amendment would conserve judicial resources and reduce the risk of inconsistent results. There is no evidence of an ulterior motive and the claims against CoParts are at least arguable given CoParts possession and sale of Plaintiffs' vehicle. Lastly, disallowing amendment is likely to prejudice Plaintiffs by creating duplicate litigation. Therefore, based on an overwhelming majority of factors favoring amendment, the Court grants Plaintiffs' Motion to Amend.

///
///
///
///
///

**B.  Motion to Remand**

When an action is removed to a district court based solely on diversity, the court shall remand the case if it grants leave to amend the complaint to join a non-diverse party. *Yniques,* 985 F.2d at 1035.  In this action, Plaintiffs are California citizens and Omni is a corporate citizen of Illinois having its principal place of business in Georgia.  CoParts, on the other hand, is a California corporation whose joinder as a defendant destroys complete diversity and deprives this Court of subject matter jurisdiction.  Therefore, this action must be remanded.

## CONCLUSION

For the above stated reasons, Plaintiffs' Motion for Leave to Amend is GRANTED, and this matter is hereby REMANDED.

IT IS SO ORDERED.

DATED: July 5, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE